**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

1745 Broadway, 22nd Floor
New York, New York 10019
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Brian J. Gershengorn
212.492.2503
brian.gershengorn@ogletreedeakins.com

April 18, 2016

The Honorable Cathy Seibel
United States District Court for
The Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York  10601

RE:   Velasquez v. Sunstone Red Oak, LLC, et al.
      U.S.D.C., S.D.N.Y., Case No. 16-CV-01996 (CS)

Dear Judge Seibel:

We represent defendants Sunstone Red Oak, LLC, Sunstone Red Oak Lessee, Inc., Sunstone Hotel TRS Lessee, Inc., Highgate Hotels, LP, John Arabia, Paul Womble, Rickey Whitworth, Bryan Giglia, and Robert Springer (collectively, "Defendants") in the above-referenced action. In accordance with Rule 2.A of Your Honor's Individual Practices, we respectfully write to request a pre-motion conference with respect to Defendants' anticipated motion to dismiss.

Plaintiff Marianella Velasquez ("Plaintiff") alleges claims on behalf of herself and a putative class pursuant to the New York Labor Law ("NYLL") and the Hospitality Wage Order for unlawful withholding of gratuities. However, she fails to plausibly allege that any of the Defendants named in this action were her "employers" under the NYLL. Accordingly, Defendants intend to move to dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

It is well settled that a plaintiff's conclusory allegations that an entity or an individual is her employer, like those Plaintiff has alleged here, are insufficient to withstand a motion to dismiss. *See Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.,* No. 10 Civ. 2661 (PAC), 2011 WL 321186, at *6 (S.D.N.Y. Jan. 28, 2011) *aff'd in part* 723 F.3d 192 (2d Cir. 2013) ("The generality of a boilerplate is at war with the requirement that sufficient facts be alleged to make the claim plausible."); *see also Diaz v. Consortium for Worker Ed., Inc.*, 10-civ-01848, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (finding that five boilerplate paragraphs in a complaint asserting that plaintiffs' conditions of employment were controlled by defendant were too minimal to survive a motion to dismiss); *Lans v. Kiska Const. Corp.,* No. 96 Civ. 4114 (KMW)(AJP), 1997 WL 313162, at *5 (S.D.N.Y. Apr. 18, 1997) (dismissing entity as plaintiff's "employer" where she failed to assert any "facts supporting the employment relationship" and merely set forth "in conclusory terms that the [defendant] is her 'employer'"). Simply stating

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami
Milwaukee ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh
Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

The Honorable Cathy Seibel
April 18, 2016
Page 2


that Defendants managed or controlled the entities that employed Plaintiff, without *any* factual detail or basis to support that assertion from the personal knowledge of Plaintiff, fails to meet the pleading standard under *Iqbal* and *Twombly*, which "requires, at a minimum, factual allegations . . . which reflect the *Plaintiffs' own personal experiences.*" *Wolman v. Catholic Health Sys. of Long Island,* No. 10-CV-1326, 2011 WL 1741905, at *3 (E.D.N.Y. May 5, 2011) (emphasis added).

      Here, Plaintiff lodges nearly all of her conclusory allegations against "Defendants" generally, with no indication as to which, if any, of the named Defendants were allegedly responsible for the acts or omissions. Courts routinely dismiss putative "employers" from wage and hour cases under comparable circumstances. *E.g., Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 2012 WL 3886555, at *11-13 (S.D.N.Y. Sept. 6, 2012) (plaintiff's unsupported conclusions that individual defendants, including corporate defendant's CEO, had "operational control" and made "employment decisions" were inadequate to render the individual defendants "employers" subject to liability under the NYLL); *Wolman*, 853 F. Supp. 2d at 299-300 (failure to allege direct contact between plaintiffs and individual defendant, combined with boilerplate allegations of operational control, warranted dismissal of individual defendant under Rule 12(b)(6)); *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (dismissing individual defendant where pleadings contained "mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details"); *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474(WK), 2001 WL 314622 at *2 (S.D.N.Y. Mar. 30, 2001) (rejecting claim that business owner is an "employer" merely by virtue of having a right to control the organization generally). In *Pazos v. Le Bernardin Inc.*, 11 cv 8360 (S.D.N.Y. Apr. 27, 2012), Judge Sullivan dismissed claims under the NYLL against two restaurant owners after concluding the plaintiffs failed to sufficiently allege facts to satisfy the economic realities test. In granting the defendants' motion to dismiss, the court ruled that, other than a conclusory reference to the individual defendants' "power to hire and fire" employees, there were "really no facts . . . indicat[ing] the degree or the amount of interaction or control that the individual defendants have over [the] individual plaintiffs." Plaintiff similarly has failed to allege specific facts regarding each of the Defendants' purported control over her. As such, the claims against Defendants should be dismissed in their entirety.

      We look forward to the opportunity to discuss our intended motion in greater detail, and to answer any questions the Court may have about it, at the requested pre-motion conference. Thank you for Your Honor's consideration of this request.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

*/s/ Brian J. Gershengorn*

Brian J. Gershengorn