UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARIANELLA VELASQUEZ, individually and on : 
behalf of others similarly situated,                          :    Case No. 7:16-cv-1996
                                                                           :
                          Plaintiff,                              :
                                                                           :
-against-                                                            :
                                                                           :
SUNSTONE RED OAK, LLC d/b/a RENAISSANCE :
WESTCHESTER HOTEL, SUNSTONE RED OAK :
LESSEE, INC., SUNSTONE HOTEL TRS LESSEE, :
INC., HIGHGATE HOTELS, L.P., JOHN V.         :
ARABIA, PAUL R. WOMBLE, RICKEY              :
WHITWORTH, BRYAN A. GIGLIA, ROBERT       :
SPRINGER, and any other related entities,        :
                                                                           :
                          Defendants.                          :
-------------------------------------------------------------------x

_____

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
_____

Brian J. Gershengorn
Allison E. Ianni

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1745 Broadway, 22nd Floor
New York, New York 10019
Tel: (212) 492-2500
*Attorneys for Defendants*

## I.     PRELIMINARY STATEMENT

Defendants Sunstone Red Oak, LLC d/b/a Renaissance Westchester Hotel, Sunstone Red Oak Lessee, Inc., Sunstone Hotel TRS Lessee, Inc., Highgate Hotels, L.P., John V. Arabia, Paul R. Womble, Rickey Whitworth, Bryan A. Giglia and Robert Springer (collectively, "Defendants") respectfully submit this memorandum of law in opposition to the motion to remand to the Supreme Court of New York, Westchester County, filed by plaintiff Marianella Vasquez ("Plaintiff").

Plaintiff's Complaint was properly removed to federal court on the basis of diversity of citizenship. Plaintiff's argument that this case should be remanded to state court is based solely on her claim that Defendants have not met their burden of showing that the jurisdictional threshold to be in this Court has been satisfied. However, competent proof – including Plaintiff's own refusal to stipulate or even argue that her damages are $75,000 or less – demonstrates that the jurisdictional threshold has been met here.

For these reasons and those set forth below, Defendants respectfully request that the Court deny Plaintiff's motion to remand.

## II.    BACKGROUND FACTS

Plaintiff filed her Complaint in the Supreme Court of the State of New York for the County of Westchester, alleging claims on behalf of herself and a putative class pursuant to the New York Labor Law ("NYLL") and the New York Code of Rules and Regulations ("NYCRR") for unlawful withholding of gratuities. (*See* Declaration of Allison Ianni ("Ianni Decl."), Ex. A, Complaint ("Comp.") ¶ 1.) In particular, the Complaint alleges that Defendants engaged in a practice of charging their customers a mandatory service charge of 23% for catering events held at Defendants' venues located in New York, and retained the service charge for their own benefit instead of paying it to Plaintiff and the putative class. (Comp. ¶¶ 3-6.) Plaintiff seeks an

1

unspecified amount of damages.  The Complaint alleges only that Plaintiff seeks judgment for compensation and unpaid gratuities in "an amount to be determined at trial," as well as attorneys' fees, interest, and costs.  (Comp. ¶ 62.)

Defendants removed the case to this Court on March 17, 2016 on the basis of diversity of citizenship under 28 U.S.C. § 1332(a)(1).  (Dkt. # 1, ¶¶ 6-18).  The parties are citizens of different states, as set forth in the Notice of Removal,[1] and Defendants submit that there is a reasonable probability that the amount in controversy exceeds the jurisdictional threshold of $75,000.  (*Id.*)  Plaintiff has done nothing but confirmed the reasonable probability that the amount in controversy has been satisfied.  Indeed, through her counsel, Plaintiff has refused to sign a stipulation acknowledging that her purposed damages are $75,000 or less, and admitted the same in open court at the parties' May 2, 2016 pre-motion conference before this Court.  (*See* Ianni Decl., Ex. B.)

Nevertheless, on May 16, 2016, Plaintiff filed her Motion to Remand, claiming that Defendants have failed to meet their burden in showing that the jurisdictional amount has been satisfied.[2]  (Dkt. #17.)  As demonstrated below, given the relief sought in the Complaint *and* Plaintiff's actions since the case was removed, it is clear that Plaintiff's motion to remand should be denied.

---

[1] Defendants confirm, in response to an issue raised by the Court at the May 2, 2016 pre-motion conference, that Sunstone Red Oak LLC has a single member, Sunstone Holdco 8, LLC, which is organized under the laws of Delaware with a principal place of business in California.  Therefore, there is complete diversity in this case.  Defendants would be happy to submit a Declaration on this point if the Court so requires.

[2] Defendants also have filed a pre-motion conference letter requesting that they be permitted to file a motion to dismiss on the basis that Plaintiff had failed to plausibly allege that they were Plaintiff's employers.  (Dkt. # 13.)  Pursuant to the Court's instructions at the May 2, 2016 conference, that motion will not be heard until Plaintiff's Motion to Remand is resolved.

### III.     ARGUMENT

In ruling on a motion to remand, Defendants bear the burden only of proving that there is a *reasonable probability* that Plaintiff's claim for damages is in excess of $75,000. *Mehlenbacher v. Azko Nobel Salt, Inc.*, 216 F.3d 291 (2d Cir. 2000). Defendants easily meet that burden – which, contrary to Plaintiff's claims, is not a "heavy" one (Pl. Mem. at 3), but rather based on a preponderance of the evidence standard. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).

While the Complaint seeks an unspecified amount of unpaid wages and gratuities, attorneys' fees, costs, interest, and "such other and further relief the Court may deem appropriate," it is reasonable to conclude here that Plaintiff's damages exceed $75,000.[3] Where the pleadings are inconclusive as to the amount in controversy, federal courts look outside the pleadings to other evidence in the record. *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). Looking outside of the pleadings in this case shows that removal was proper. First, Plaintiff's counsel declined to execute a Stipulation as to Damages that would limit Plaintiff's recovery in this case to no more than $75,000 (*see* Ianni Decl., Ex. B) and further admitted in open court that he was unwilling to so stipulate because he did not know what Plaintiff's damages were.[4] Plaintiff's refusal to sign this Stipulation plainly evidences a "reasonable probability" that her

---

[3] Because Plaintiff has indicated that she does not dispute, for purposes of resolving this motion, that there is diversity of citizenship in this case (Pl. Mem. at 4 n.1), Defendants have not included details regarding diversity in their Opposition. Defendants can provide additional information to the Plaintiff or the Court beyond that which is in the Notice of Removal upon request.

[4] While Plaintiff did propose a Stipulation as to her own, that Stipulation excluded attorneys' fees and costs and provided that the documents at issue are in the sole possession of the Defendants. (*See* Ianni Decl., Ex. C.) That language was not agreeable to Defendants because (a) Defendants do not possess the documents that Plaintiff claims; and (b) the amount in controversy properly includes attorneys' fees and costs.

3

alleged monetary damages are in excess of the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332, and thus precludes remand.

*Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459-60 (S.D.N.Y. 2008) is instructive in this regard.  There, plaintiff moved to remand her case to state court, claiming defendants had not shown that her claims were worth more than $75,000.  Because plaintiff's complaint was "inconclusive" as to the amount in controversy, Judge Holwell determined that remand would be inappropriate because plaintiff had declined to sign a stipulation capping her damages at $75,000.  In refusing to remand, Judge Holwell held that the plaintiff's failure to execute such a stipulation or to amend her complaint "weighed against any 'good faith' contention [plaintiff] may have had that her damages are less than $75,000," and evidenced a "reasonable probability" that the amount in controversy exceeded $75,000.  *Id.* at 459.  Other courts have reached the same conclusion.  *See, e.g., Nickel v. Nike, Inc.,* No. 11-CV-4495, 2011 WL 4343852, at *3 (S.D.N.Y. Aug. 18, 2011) ("By stipulating to limit an award of damages to $75,000, plaintiff could have defeated removal. Plaintiff's refusal to stipulate adds further support to the conclusion that there is a reasonable probability that the amount in controversy is satisfied.") (citation omitted); *Armstrong v. ADT Sec. Servs.*, No. 06 Civ. 4925(RCC), 2007 WL 187693, at *2 (S.D.N.Y. Jan. 23, 2007) (finding that plaintiff's refusal to sign stipulation limiting damages to $75,000 evidenced "reasonable probability" that amount in controversy exceeded that amount); *Juarbe v. Kmart Corp.*, No. 05 CIV 1138(TPGTS), 2005 WL 1994010, at *2 (S.D.N.Y. Aug. 17, 2005) (denying plaintiff's motion to remand where allegations indicated a likelihood that $75,000 threshold would be met and plaintiff failed to sign a stipulation limiting her recovery to $75,000); *Semack v. 35 Hamdel Hills Dr., LLC*, No. 3:12CV1057 (JBA), 2013 WL 395486 at *2 (D. Conn. Jan. 31, 2013) (Defendant met its burden to offer "competent proof" that

the amount in controversy exceeds $75,000 to a "reasonable certainty" by citing to plaintiff's failure to respond to its offer to cap damages at $75,000 and to damages awards in similar cases). As such, even based only on Plaintiff's refusal to sign the Stipulation and counsel's admission that he could not agree that the amount in controversy was $75,000 or less, Defendants have proven to a reasonable certainty that this case is properly in federal court.

Plaintiff attempts to distinguish the *Felipe* and *Armstrong* decisions on the grounds that there were details present other than a refusal to stipulate which led to the courts' denials of the motions to remand in those cases. Even if Plaintiff's refusal to stipulate and admission in court are not sufficient to preclude remand here – and Defendants contend that they are – other facts are present which support Defendants' argument that the jurisdictional amount has been satisfied.

First, nowhere in Plaintiff's Motion does Plaintiff contend that she is seeking to recover less than the jurisdictional amount. Rather, Plaintiff argues that only Defendants are in a position to determine the value of Plaintiff's claims "in a precise manner" and that she has "no capacity" to determine what her damages actually are. (Pl. Mem. at 7-8.) That is simply untrue. Defendants did not employ Plaintiff, as they indicated both in their pre-motion conference letter regarding their anticipated motion to dismiss and at the parties' May 2, 2016 pre-motion conference. (Dkt. # 13.) Given the lack of any employment relationship between Defendants and Plaintiff, Defendants did not issue any paychecks to Plaintiff and thus are unaware of the specific monetary nature of Plaintiff's claims. Plaintiff, on the other hand, would have possession of her payroll checks, which would at a minimum give the parties some idea of her pay and the regularity with which she was performing the work that is the subject of the allegations in the Complaint. Plaintiff also, presumably, has possession of some documents

regarding the 23% service charge which she alleges Defendants imposed on their customers and withheld from Plaintiff and the other putative class members.  Tellingly, Plaintiff has not offered to provide any of these underlying documents in support of her motion to remand.

Second, it is well-established that attorneys' fees are "considered as part of the amount in controversy where they are anticipated or awarded in the governing statute."  *See Henry v. Warner Music Grp. Corp.*, No. 13 CIV. 5031 (PGG), 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014)  ("Because this action is brought pursuant to the NYLL, which expressly allows for an award of attorneys' fees. . . attorneys' fees may be included in the calculation of the amount in controversy.")  Plaintiff's claims are brought pursuant to the NYLL, which plainly provides for the recovery of attorneys' fees.  *See* NYLL § 198(1-a).  In fact, as noted above, Plaintiff has requested in her Complaint that she be awarded "attorneys' fees . . . pursuant to the cited Labor Law sections."  (Compl. ¶ 11.)  Furthermore, Plaintiff's refusal to include attorneys' fees and costs in any proposed Stipulation is indicative of her belief that the inclusion of those amounts would likely satisfy the jurisdictional amount.  In addition to attorneys' fees, the NYLL also provides for liquidated damages, which will further increase Plaintiff's potential damages.  *See* NYLL § 198(1-a).  Therefore, both attorneys' fees and liquidated damages should be included in determining whether the amount in controversy exceeds $75,000.

Under these circumstances, it is reasonable to conclude that Plaintiff seeks to recover damages totaling more than $75,000.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to remand, and award to Defendants such other and further relief as the Court deems appropriate.

Dated: New York, New York
       May 31, 2016

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By *s/ Brian J. Gershengorn*
   Brian J. Gershengorn
   Allison E. Ianni
1745 Broadway, 22nd Floor
New York, New York 10019
Tel:  (212) 492-2500

*Attorneys for Defendants*